## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

LIDA HAGHNEGAHDAR, PH.D. )
)
         Plaintiff, )
)
v. )      Case No.: 2:25-cv-799
)
OLD DOMINION UNIVERSITY, )
)
         Defendant. )
)

## COMPLAINT

COMES NOW, Plaintiff, Lida Haghnegahdar, Ph.D., by and through her undersigned counsel, and moves this Honorable Court for judgment against Defendant, Old Dominion University ("Defendant"), on the grounds and praying for the relieve hereinafter set forth:

### SUMMARY OF THE ACTION

1.     This is a civil action brought by Plaintiff, an employee of Defendant, who has been subjected to discrimination and retaliation by Defendant on the basis of her sex (female), in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq*. This action is also brought for violations of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d), for paying Plaintiff lower wages than her male colleagues for substantially equal work.

2.     Plaintiff has been subjected to disparate terms and conditions of employment, including a discriminatory workload, heightened scrutiny, and unequal pay, culminating in the retaliatory non-renewal of her employment contract. These actions have created a hostile work environment and have deprived Plaintiff of equal employment opportunities.

3.     As a direct result of Defendant's discriminatory and retaliatory actions, Plaintiff seeks all available remedies, including declaratory relief, back pay, front pay, compensatory and punitive damages, and attorney's fees and costs.

## JURY TRIAL DEMAND

4.     Under Fed. R. Civ. P. 38 (b), Plaintiff hereby demands trial by jury on all issues triable to a jury of the within action, and any further pleadings.

## PARTIES

5.     Plaintiff Lida Haghnegahdar, Ph.D. is a female citizen of the United States residing in Norfolk, VA. At all times relevant to this Complaint, she has been employed by Defendant as a Research Faculty Member in the School of Cybersecurity.

6.     Defendant Old Dominion University is a public institution of higher education and an instrumentality of the Commonwealth of Virginia. ODU is an "employer" within the meaning of Title VII and the EPA and is subject to the requirements of both statutes. At all relevant times, Defendant maintained facilities and operations in Norfolk, Virginia.

## JURISDICTION

7.     Plaintiff has satisfied all procedural and administrative prerequisites under Title VII, 42 U.S.C. § 2000e-5, for the claims asserted herein:

a.     On or about January 23, 2025, Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"), designated as Charge No. 437-2025-00651, alleging discrimination based on sex and violations of the Equal Pay Act.

b.     The Charge was timely filed with the EEOC within three hundred (300) days of the last discriminatory act committed by Defendant.

      c.    On or about September 15, 2025, Plaintiff received a Notice of Right to Sue from the EEOC.

      d.    This Complaint is timely filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

8.     This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Equal Pay Act of 1963, 29 U.S.C. § 206(d). This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

9.     This Court has proper subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331 *et seq.* (federal question) and 1343 (civil rights).

## VENUE

10.    Venue is proper in the United States District Court for the Eastern District of Virginia, Norfolk Division, pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3). Defendant maintains its principal place of business and operations within this judicial district, and the unlawful employment practices alleged herein occurred within this District and Division.

11.    Venue is further proper in this judicial District pursuant to 28 U.S.C. § 1391(b)(1) and (d), this Division under L.C.R. 3(B)(4), and under 42 U.S.C. Section 2000e-5(f)(3) and 5 U.S.C. § 7703(b)(2); as Plaintiff was employed by Defendant in Norfolk, VA, where the alleged offenses and injuries occurred, and Plaintiff's employment records are maintained by Defendant in this judicial District and Division.

## STANDING

12.    Plaintiff has satisfied all of the procedural and administrative requirements set forth in Section 706 of Title VII, 42 U.S.C. § 2000e-5, in particular:

a.   On January 23, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) under Agency Case No. 437-2025- 00651 ("Charge"), alleging she was discriminated and retaliated against based on her gender and retaliated against for engaging in EEO protected activity.

b.   Plaintiff timely filed the aforementioned Charge with the EEOC within three hundred (300) days from the latest date of discrimination related to this matter.

c.   On or about September 15, 2025, Plaintiff received a Notice of Right to Sue letter from the EEOC, and less than 90 days upon receipt of the Notice of Right to Sue, on December 13, 2025, Plaintiff timely filed her Complaint against Defendant.

## FACTUAL ALLEGATIONS

13.   Plaintiff was hired by Old Dominion University on or about August 2023, as a Research Faculty Member in the School of Cybersecurity following a formal and competitive interview process. Her appointment was for a 10-month, non-tenure track position.

14.   The period of discrimination began on or about September 2023 when the new director, Dr. Takabi, informed Dr. Haghnegahdar that she would be required to teach two courses per year, despite teaching being outside her primary duties as a Research Faculty Member.

15.   Dr. Haghnegahdar alleges she was assigned a significantly heavier and more demanding teaching load than her male colleagues. She taught three courses, one of which was a complex undergraduate class with over 50 students and approximately 2,400 graded items. In contrast, her male research faculty counterparts were assigned lighter teaching loads, such as a single course with 5-10 students, or had no teaching duties at all.

4

16.     Dr. Haghnegahdar was subjected to a higher level of scrutiny than her male colleagues. During the summer of 2024, a period not covered by her 10-month contract, Dr. Takabi questioned her for traveling while she was working remotely on a grant. A male faculty member on a 12-month contract was permitted to work remotely from another state without similar scrutiny.

17.     Plaintiff alleges that her salary is less than that of her male colleagues who hold the same Research Faculty position. Despite performing work that was equal to or exceeded that of her male counterparts, particularly with her extensive and uncompensated teaching responsibilities, her base salary remained lower.

18.     During Dr. Haghnegahdar's employment, ODU hired at least four male research faculty members through an informal "emergency" process that did not involve formal interviews or public job postings. This was in stark contrast to the formal, competitive process Plaintiff was required to complete.

19.     On February 14, 2024, Plaintiff's supervisor, Dr. Rafael Diaz, submitted a negative evaluation report recommending her non-reappointment, which Plaintiff alleges was prepared without proper faculty committee input. After Plaintiff contested the evaluation, her contract was renewed for another year.

20.     On November 18, 2024, a faculty evaluation committee reviewed Plaintiff's performance and recommended her for reappointment for a third year.

21.     Despite the faculty committee's positive recommendation, Dr. Takabi submitted a letter to the Dean on December 16, 2024, recommending against Dr. Haghnegahdar's reappointment, citing alleged performance issues and budgetary constraints.

22.    On December 20, 2024, ODU officially notified Dr. Haghnegahdar that her employment contract would not be renewed.

23.    Plaintiff alleges that the reasons provided by the University for her non-reappointment—namely, performance and budget issues—are pretextual and that the decision was motivated by discrimination based on her sex and as reprisal for protected activity to include complaining about her discriminatory treatment.

## CAUSES OF ACTION

### COUNT I SEX DISCRIMINATION AND HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII **(42 U.S.C. §§ 2000e, *et seq.*)**

20.    Plaintiff incorporates by reference and re-alleges each of the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

21.    Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice for an employer to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment because of such individual's sex. 42 U.S.C. § 2000e-2(a)(1).

22.    Plaintiff is a member of a protected class on the basis of her sex (female).

23.    Defendant, through its agents and supervisors, including Dr. Takabi and Dr. Diaz, discriminated against Plaintiff by subjecting her to disparate terms and conditions of employment not imposed on her similarly situated male colleagues. This included assigning her a disproportionately heavy teaching load, subjecting her to heightened scrutiny regarding her work location and attendance, and hiring male faculty through an informal, non-competitive process while she was required to undergo a formal process.

24.     These actions were sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create a hostile and abusive work environment.

25.     Defendant took adverse employment action against Plaintiff when it decided not to renew her employment contract, despite a faculty committee's recommendation for reappointment.

26.     Defendant terminated the employment outside the required deadlines and immediately prior to the holiday period in order to limit Plaintiff's ability to respond.

27.     Defendant's claims of performance and budget were revealed as pretextual when a replacement was hired almost immediately following Plaintiff's termination.

28.     Defendant hired a replacement who was a male, with less experience, fewer qualifications, and who had no background in the relevant field of study.

29.     Defendant's proffered reasons for the non-reappointment, including performance and budgetary issues, are a pretext for sex discrimination.

30.     As a direct and proximate result of Defendant's discriminatory practices, Plaintiff has suffered and will continue to suffer damages, including loss of wages and employment benefits, emotional distress, humiliation, and damage to her professional reputation.

**COUNT II** RETALIATION IN VIOLATION OF TITLE VII **(42 U.S.C. §§ 2000e, *et seq.*)**

28.     Plaintiff incorporates by reference and re-alleges each of the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

29.     Plaintiff engaged in protected activity under Title VII when she opposed and complained about the disparate and discriminatory treatment she was receiving, including by contesting the negative evaluation she received in February 2024.

30.     Defendant was aware of Plaintiff's protected activity.

31.     Subsequent to and as a result of her protected activity, Defendant took materially adverse employment actions against Plaintiff, culminating in Dr. Takabi's recommendation against her reappointment on December 16, 2024, and the official notification of non-renewal on December 20, 2024.

32.     The temporal proximity between Plaintiff's protected activities and the adverse employment actions, particularly in light of the faculty committee's positive recommendation for reappointment, establishes a causal link between the two.

33.     But for Plaintiff's protected activity, Defendant would have renewed her employment contract.

34.     As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered and will continue to suffer significant damages, including loss of employment, wages, benefits, emotional distress, and harm to her professional standing.

**COUNT III** VIOLATION OF THE EQUAL PAY ACT (29 U.S.C. § 206(d))

35.     Plaintiff incorporates by reference and re-alleges each of the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

36.     The Equal Pay Act of 1963 prohibits employers from discriminating between employees on the basis of sex by paying lower wages to employees of one sex for equal work on jobs requiring equal skill, effort, and responsibility, and which are performed under similar working conditions.

37.     At all relevant times, Defendant paid Plaintiff, a female, a lower salary than it paid to male colleagues holding the same Research Faculty position within the same establishment.

38.  Plaintiff performed work that was substantially equal to, and often exceeded, that of her higher-paid male colleagues. Her duties, including her significant uncompensated teaching load, required skill, effort, and responsibility equal to or greater than that of her male counterparts.

39.  The pay differential between Plaintiff and her male colleagues was not justified by a seniority system, a merit system, a system measuring earnings by quantity or quality of production, or any factor other than sex. Defendant's failure to consider her substantial teaching contributions in her compensation and evaluation undermines any claim of a merit-based system.

40.  Defendant's violation of the EPA was willful, as it knew or showed reckless disregard for the fact that its conduct was prohibited by the statute.

41.  As a direct and proximate result of Defendant's willful violation of the EPA, Plaintiff has suffered damages in the form of unpaid wages. Plaintiff is therefore entitled to recover back pay and an equal amount in liquidated damages.

## EVIDENCE AND EXHIBITS

42.  Plaintiff's allegations as set forth in this Complaint are supported by substantial evidence that will be presented at trial, including but not limited to the following documents, which will be produced during discovery and/or are attached or referenced herein:

a.  Plaintiff's Charge of Discrimination, EEOC Charge No. 437-2025-00651, filed on or about January 23, 2025.

b.  The Faculty Evaluation Committee's positive recommendation for Plaintiff's reappointment, dated November 18, 2024.

c.  The official notification of non-reappointment from Defendant, dated December 20, 2024.

d.  The EEOC Notice of Right to Sue Letter dated September 15, 2025.

## DAMAGES AND RELIEF SOUGHT

43.     As a direct and proximate result of Defendant's unlawful discriminatory and retaliatory actions, Plaintiff has suffered and will continue to suffer significant damages. These damages include economic losses in the form of lost wages, salary, bonuses, employment benefits, and other compensation, as well as future pecuniary losses and diminished career opportunities.

44.     Plaintiff has also suffered, and will continue to suffer, non-economic damages, including severe emotional distress, mental anguish, humiliation, embarrassment, and harm to her professional reputation.

45.     Pursuant to Title VII, Plaintiff is entitled to recover compensatory damages for these emotional and reputational harms, as well as punitive damages, because Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

46.     Pursuant to the Equal Pay Act, Plaintiff is entitled to recover her unpaid wages and an additional equal amount as liquidated damages due to Defendant's willful violation of the Act.

47.     Plaintiff is also entitled to recover her reasonable attorney's fees and costs incurred in this action, as provided under Title VII and the EPA. Plaintiff further seeks pre-judgment and post-judgment interest on all monetary awards.

## PRAYER FOR RELIEF

48.     WHEREFORE, Plaintiff Lida Haghnegahdar respectfully requests that this Court enter judgment in her favor and against Defendant Old Dominion University and grant the following relief:

        a.     A declaratory judgment that the acts and practices of Defendant complained of herein violate federal law;

b.      An order requiring Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices.

c.      An award of back pay, front pay, and other related economic damages in an amount to be determined at trial.

d.      An award of compensatory damages for past and future emotional distress, mental anguish, humiliation, and other non-pecuniary losses in an amount to be determined at trial.

e.      An award of punitive damages for Defendant's malicious and reckless conduct in violation of Title VII.

f.      An award of liquidated damages equal to the amount of unpaid wages for Defendant's willful violation of the Equal Pay Act.

g.      An award of pre-judgment and post-judgment interest on all monetary relief.

h.      An award of reasonable attorney's fees and litigation costs.

i.      Such other and further legal and equitable relief as this Court deems just and proper.

Dated: December 13, 2025

Respectfully submitted,

S. M. Griffin
VA 87585
The Griffin Law Firm, PLLC
999 Waterside Drive, Suite 2055
Norfolk, VA 23510
marshall@griffinlawdefense.com
757-434-0198

## CERTIFICATE OF SERVICE

I hereby certify that on 13 December, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing document via CM/ECF.

Date: December 13, 2025                     By: _____

                                            S. M. Griffin
                                            VA 87585